AO 247 (Rev. 11/11)  Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)     Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

DISTRICT OF NEVADA

United States of America )
v. )
LUIS LOPEZ-PAZ ) Case No: 2:90-cr-00117-HDM-CWH
aka Louis Lopez )
) USM No: 26279-048
Date of Original Judgment: 08/16/1991 )
Date of Previous Amended Judgment: ) Shari Kaufman, AFPD
*(Use Date of Last Amended Judgment if Any)* *Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☐ DENIED.  ☑ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of  324 Months  months is reduced to  TIME SERVED per count, concurrently (210 months per count, concurrently upon each other), three years supervised release per count, concurrently, with all Special Conditions previously imposed.

*(Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated  08/16/1991  shall remain in effect.
**IT IS SO ORDERED.**

Order Date:  12/08/2011

*Judge's signature*

Effective Date: _____          Howard D. McKibben, Senior U.S. District Judge
*(if different from order date)*                         *Printed name and title*

AO 245 S (Rev. 4/90) Sheet 1 - Judgment in a Criminal Case

ENTERED
AUG 22 1991
CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
                    DEPUTY

# United States District Court

District of __NEVADA__

UNITED STATES OF AMERICA
V.
LUIS LOPEZ-PAZ, charged as LOUIS LOPEZ

(Name of Defendant)

RECEIVED AND FILED
AUG 22  12 00 PM

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: CR-S 90-117-HDM LRL

ANTHONY P. SGRO
Defendant's Attorney

THE DEFENDANT:

☐ pleaded guilty to count(s) _____
☒ was found guilty on count(s) __I, III & IV__ after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 USC 846 | Conspiracy to Distribute Cocaine | 6/5/90 | I |
| 21 USC 841(a)(1) | Distribution of Cocaine | 6/5/90 | II |
| 21 USC 841(a)(1) | Distribution of Cocaine | 6/5/90 | V |
| 18 USC 2 | Aiding & Abetting | 6/5/90 | III & IV |

The defendant is sentenced as provided in pages 2 through __4__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____ and is discharged as to such count(s).
☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.
☒ It is ordered that the defendant shall pay a special assessment of $ __150.00__, for count(s) __I, III & IV__, which shall be due ☐ immediately ☐ as follows:

IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec.: ___-48-7219

Defendant's Date of Birth: __2-15-42__

Defendant's Mailing Address:
__Clark County Detention Center__
__Las Vegas, Nevada__

Defendant's Residence Address: I hereby attest and certify on 8-22-91 that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
By _Carol O'Reilly_ Deputy

Wednesday, July 17, 1991
Date of Imposition of Sentence

_[signature]_
Signature of Judicial Officer

__HOWARD D. McKIBBEN, US DISTRICT JUDGE__
Name & Title of Judicial Officer

August 16, 1991
Date

● U.S. GPO:1990-722-448/10256

134

AO 245 S (Rev. 4/90) Sheet 2 - Imprisonment

Defendant: LUIS LOPEZ-PAZ
Case Number: CR-S 90-117-HDM

Judgment — Page 2 of 4

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **THREE HUNDRED TWENTY-FOUR (324) MONTHS** as to each of Counts I, III and IV. Said terms are to run concurrently one with the other.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States marshal.
☐ The defendant shall surrender to the United States marshal for this district,
　　☐ at _____ a.m./p.m. on _____.
　　☐ as notified by the United States marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,
　　☐ before 2 p.m. on _____.
　　☐ as notified by the United States marshal.
　　☐ as notified by the probation office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

_____
United States Marshal

By _____
　　Deputy Marshal

☆U.S.GPO:1990-722-448/10288

Defendant: LUIS LOPEZ-PA___  Judgment—Page 3 of 4
Case Number: CR-S 90-117-HDM

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of _____
THREE (3) YEARS

While on supervised release, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

☐ The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

☐ The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

☒ The defendant shall not possess a firearm or destructive device.

1. Defendant shall submit to search of his person, residence, automobile and employment for possession of illegal drugs or paraphernalia.

2. Defendant shall complete a substance abuse treatment program as approved by his Supervising Probation Officer.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 S (Rev. 4/90) Sheet 7 - Statement of Reasons

Defendant: LUIS LOPEZ-PAZ
Case Number: CR-S 90-117-HDM LRL

Judgment—Page __4__ of __4__

## STATEMENT OF REASONS

☒ The court adopts the factual findings and guideline application in the presentence report.

OR

☐ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level: __38__

Criminal History Category: __IV__

Imprisonment Range: __324__ to __405__ months

Supervised Release Range: __2__ to __3__ years

Fine Range: $ __25,000.__ to $ __250,000.__

  ☒ Fine is waived or is below the guideline range, because of the defendant's inability to pay.

Restitution: $ __n/a__

  ☐ Full restitution is not ordered for the following reason(s):

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

OR

☒ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):  (See Transcript)

OR

The sentence departs from the guideline range

  ☐ upon motion of the government, as a result of defendant's substantial assistance.

  ☐ for the following reason(s):